GEORGE R. BEACH, RECEIVER OF COLUMBIA REAL ESTATE COMPANY, PLAINTIFF AND APPELLANT, v. PALISADE REALTY AND AMUSEMENT COMPANY ET AL., DEFENDANTS AND RESPONDENTS.

Argued March 23, 1914—Decided June 15, 1914.

1. A direction of a verdict will be sustained although the reasons given by the court below are incomplete, or even erroneous, if in fact the direction was proper upon other grounds appearing in the case.

2. An agreement by an incorporated business company to purchase shares of its own capital stock and bonds, in order to bind the

corporation must be its act, either (1) by its corporate action, or (2) because made by its authorized agent, or (3) by its ratification.

3. Particular officers or agents of a corporation have such authority only as is expressly conferred upon them by the charter, by-laws or resolution of the board of directors or of the stockholders, and such as is implied because necessary or proper to enable them to perform the duties of their office.

4. Where the only authority expressly conferred upon the second vice president of an incorporated company, whose business was that of owning and operating an amusement park, was "to sign contracts in connection with the improvement, operation and maintenance of the Palisades Park as an amusement enterprise," such officer had no power to make a contract on behalf of the corporation for the purchase of the corporation's own capital stock and bonds, nor could such power be implied on the theory that it was necessary to enable him to perform the duties of his office.

5. A corporation will not be bound by an act of an officer which he is not expressly authorized to perform, and which is not usual to his office, unless the corporation has held him out or allows him to appear as having authority, and the act is within the scope of his apparent authority.

6. While a corporation may ratify any act done without previous authority which it could have authorized, and while ratification will be implied from acquiescence or acceptance of benefits, yet it is essential to such implied ratification that such acquiescence or acceptance of benefits be with knowledge of the facts.

7. The fact that the president of an amusement park company was informed casually merely that the second vice president had made a contract for the use of a strip of land for park purposes, as he was authorized and accustomed to do from year to year, will not be deemed to be a ratification by the corporation of an unauthorized contract made by him, without the knowledge of the president or board of directors, for the purchase by the corporation of its own capital stock and bonds, even though both covenants were contained in the same instrument.

8. While the common seal of a corporation, accompanied by the signature or signatures of the appropriate corporate officer or officers, becomes *prima facie* evidence that such officer or officers had due authority from the corporation to execute the instrument, such as casts the burden of proof upon the party challenging its validity, yet this presumption may be overcome by proof of want of authority by clear and satisfactory evidence.

---

On appeal from the Supreme Court.

For the appellant, *McDermott & Enright.*

For the respondent Palisade Realty and Amusement Company, *Edmund W. Wakelee.*

For the respondent Walter J. Gano (an intervening bondholder), *Cornelius Doremus.*

The opinion of the court was delivered by

TRENCHARD, J.   This action was brought by the receiver of the Columbia Real Estate Company to recover $20,000 damages claimed because of the default of the Palisade Realty and Amusement Company in complying with its alleged contract to purchase from the Columbia company certain shares of capital stock and bonds issued by the Palisade company and outstanding.

Walter J. Gano, an owner of both capital stock and bonds of the Palisade company was made a party defendant upon his own application for leave to intervene.

At the trial, at the Hudson circuit, the trial judge directed a verdict for the defendants upon two grounds—*first,* that the right of the Palisade company to purchase its own capital stock was restricted by its certificate of incorporation to certain conditions which the plaintiff did not show existed; and *secondly,* that the contract for the purchase of the bonds could not be enforced because none of the bonds had then matured.

We are of opinion that the verdict was properly directed. But we do not rest upon either reason assigned by the trial judge, and express no opinion thereon.   The motion was based also upon the ground that the alleged contract was not the act and deed of the Palisade company, and we think that ground well taken.   Of course the direction of a verdict will be sustained although the reasons given by the court below are incomplete, or even erroneous, if in fact the direction was proper upon other grounds appearing in the case.   *Gillespie* v. *John W. Ferguson Co.,* 78 *N. J. L.* 470.

The instrument upon which this suit is founded was signed "Palisade Realty and Amusement Company, by A. M. Clegg, 2d Vice President" and was sealed with its common seal. It was a contract of peculiar character, and was not in the

course of the company's ordinary business which was that of owning and operating an amusement park. It provided for the purchase at par of $10,000 of its own capital stock and $10,000 of its own bonds. The company, being organized under the Corporation act of 1896 (*Comp. Stat., p.* 1595), no doubt had power to make such purchase under proper conditions and limitations which need not be now discussed. *Chapman* v. *Ironclad Rheostat Co.,* 62 *N. J. L.* 497; *Berger* v. *U. S. Steel Corporation,* 63 *N. J. Eq.* 809; *Oliver* v. *Rahway Ice Co.,* 64 *Id.* 596; *Knickerbocker Improvement Co.* v. *Assessors,* 74 *N. J. L.* 583.

But obviously such an agreement, in order to bind the corporation, must be its act, either (1) by its corporate action, or (2) because made by its authorized agent, or (3) by its ratification. *Thompson* v. *Central Passenger Railway Co.,* 80 *N. J. L.* 328.

The instrument in question was not the product of corporate action since it is clear that it was not authorized by the board of directors.

It is also quite clear that it was not made by the company's authorized agent.

Particular officers or agents of a corporation have such authority only as is expressly conferred upon them by the charter, by-laws, or resolution of the board of directors or of the stockholders, and such as is implied because necessary or proper to enable them to perform the duties of their office. *Clark Corp.* (*2d ed.*) 480.

The only authority expressly conferred upon the second vice president was that contained in the resolution of the board of directors by which such office was created, namely, "to sign contracts in connection with the improvement, operation and maintenance of the Palisades Park as an amusement enterprise." Clearly that conferred no power to make a contract on behalf of the corporation for the purchase of the capital stock and bonds of the corporation, nor could such power be implied on the theory that it was necessary to enable such officer to perform the duties of his office.

Of course if a corporation holds an officer out, or allows him to appear as having authority not usual to such an office, it will be bound by acts done by him within the scope of his apparent authority. *Clark Corp.* (*2d ed.*) 480. But that is not this case. There is no evidence that the second vice president was held out, or allowed to appear as having authority to purchase the company's own capital stock and bonds. In point of fact the propriety of purchasing its own capital stock and bonds was never considered by the company, nor was it ever attempted by any officer except in this instance.

We think it also conclusively appears that the act of the second vice president, in signing this instrument, was never ratified. It was never formally ratified because it was never drawn to the attention either of the board or of the other individual directors.

Of course, ratification will be implied from acquiescence, or acceptance of benefits, with knowledge of the facts. But there was no such implied ratification because it appears that the other members of the board had no knowledge thereof.

The fact that the alleged contract contained a covenant that the Palisade company should have the use of "Marion avenue" without further payment, and the fact that the president of the company learned casually that the second vice president had made a contract for the use of such "avenue" for park purposes, as he was authorized and accustomed to do, will not be deemed to be a ratification by the company of the contract to purchase its own capital stock and bonds upon the theory that it accepted the benefits thereof with knowledge of the facts. It did not appear that the president communicated to the board of directors the knowledge that he had acquired. But had he done so, or had the board otherwise obtained such knowledge, there was nothing in such information to indicate that the second vice president had transgressed the limits of his power, and the board no doubt would have assumed, and would have been quite justified in assuming, that he acted rightfully. *Clement* v. *Young-McShea Amuse-*

*ment Co., 70 N. J. Eq.* 677; *Thompson* v. *Central Passenger Railway Co.,* 83 *N. J. L.* 777.

It is true that the instrument in question bore the common seal of the company. While the common seal of a coproration, accompanied by the signature or signatures of the appropriate corporate officer or officers, becomes *prima facie* evidence that such officer or officers had due authority from the corporation to execute the instrument, such as casts the burden of proof upon any party challenging its validity, yet this presumption may be overcome by proof of want of authority by clear and satisfactory evidence. *Leggett* v. *New Jersey Manufacturing, &c., Co.,* 1 *N. J. Eq.* 541; *Manhattan Manufacturing, &c., Co.* v. *New Jersey Stock Yard, &c., Co.,* 23 *Id.* 161; *Parker* v. *Washoe Manufacturing Co.,* 49 *N. J. L.* 465; *Mercer County Traction Co.* v. *United New Jersey Railroad, &c., Co.,* 65 *N. J. Eq.* 574.

In this case there was such proof of want of authority.

The judgment below will be affirmed, with costs.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, WHITE, HEPPENHEIMER, JJ. 11.

*For reversal*—None.